Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB DOTY, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETAILIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| PRECISION CONCRETE CUTTING, INC., a Utah Corporation, | 2. TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY |
| Defendants. | JURY DEMAND |

Plaintiff JACOB DOTY ("Plaintiff" or "Doty") alleges as follows:

1.      This action is brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA").

2.      Jurisdiction is predicated under this code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.  Further supplement jurisdiction exists to adjudicate the state law claim for Tortious Discharge in Violation of Public Policy pursuant to *28 U.S.C. §*

*1367(a).*

3. At all relevant times, PRECISION CONCRETE CUTTING, INC., a Utah Corporation (hereinafter "Defendant" or "Precision") employed 20 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and is therefore subject to the provisions of the ADA.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Doty, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Clark and City of North Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant Precision.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on January 26, 2016, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8. On or about October 20, 2013, Plaintiff was hired by Defendant as a Technician. Doty was promoted in September 2014 Lead Technician. His last job was Lead Technician.

9. As a Technician Doty would level sidewalks and cut off excess cement that were trip hazards. As a Technician Plaintiff would also bid jobs, work in the office and clean equipment used in the work place.

10. As a Lead Technician, Doty was given the added duties of checking others work, training new employees and scheduling.

11. On March 16, 2015 while working at his job leveling sidewalks for Precision, Doty stepped off the curb while making lines and heard his knee pop. Plaintiff immediately reported the injury to his supervisor Ryan Nelson ("Nelson") the same day.

12. Thereafter Plaintiff went to the doctor and his injury was diagnosed at a knee sprain. Doty was put on lifting restrictions of up to 20 pounds and prohibited from climbing ladders or stairs, kneeling or bending. Plaintiff filed a Worker's Compensation claim relating the injury on March 19, 2015.

13. Initially Defendant accommodated Doty's restrictions by allowing him to bid jobs and supervise vehicles repairs and do other shop work that did not require lifting, climbing, kneeling or bending.

14. On May 11, 2015 Plaintiff was contacted by phone by Precision President Matt Haney ("Haney") and told there were no positions available for him due to his injured knee and Haney proceeded to offer Doty $1,000 and to not fight his unemployment claim if he agreed to resign. Derek Stephens, a co-worker at the time was present during this phone conversation.

15. On May 26, 2015 Plaintiff was contacted by phone by Haney, Nelson and Operations Manager Mike Lamb ("Lamb") to get his response on whether he was willing to resign from the company. Doty informed them that he did not want to leave the company and would do whatever he could do based on his doctor's restrictions due to his right knee injury. It was decided that Plaintiff would work between five to ten hours a week.

16. On June 1, 2015 Plaintiff received his new schedule from Nelson for six hours a week. The schedule became effective June 3, 2015.

17. On June 29, 2015 Plaintiff received a phone call from Lamb informing him that he was being terminated for falsification of a time card for projects that were completed over a year ago. Data on work completed at the job sites is normally received within a few minutes to a few hours of completion.

18. Doty was allegedly paid for work that he reported as completed (ie. replacing

sections of the sidewalk) that he did not complete. If Plaintiff did miss replacing sections of the sidewalk, this was not done intentionally but by mistake.

19. Further the projects were worked on by multiple employees of Precision and because their pay was production based, their time cards consisted of the amount of feet cut at the work site and there was no way of indicating what number of locations each employee cut. The other employees who worked on the project with Doty were not terminated for alleged time card falsification like Plaintiff was.

20. On September 10, 2015 Plaintiff was returned to full duty with no restriction.

## FIRST CAUSE OF ACTION

### (For Disability Discrimination, Failure to Accommodate

### and Retaliation in Violation of the ADA)

21. Plaintiff Doty incorporates the allegations set forth in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. As set forth hereinabove, Plaintiff had sprained his right knee on March 16, 2015 while working when he stepped off a curb when marking lines as part of his duties for Precision. This injury substantially limited Doty in the major life activities of walking, standing, lifting, climbing, kneeling, bending and working, among other major life activities, and thus qualified Doty as disabled under the ADA.

23. To accommodate these disabilities Defendant initially allowed Plaintiff to bid jobs and supervise vehicles repairs and do other shop work that did not require lifting, climbing, kneeling or bending.

24. Then on May 11, 2015 Plaintiff was told by Precision President Haney that there were no positions available for him due to his knee injury and offered Doty $1,000 and to not fight his unemployment claim if he agreed to resign. Plaintiff responded to this request on May 26, 2015 by telling Haney, Nelson and Lamb that he did not want to leave the company and would do whatever he could do based on his doctor's restrictions due to his right knee injury.

25. Thereafter it was agreed that Doty would work between five to ten hours a week and effective June 3, 2015 Plaintiff's schedule was changed to six hours a week.

26. Then on June 29, 2015 Plaintiff was terminated for falsification of a time card for projects that were completed over a year ago. Data on work completed at the job sites is normally received within a few minutes to a few hours of completion.

27. Doty was allegedly paid for work that he reported as completed (ie. replacing sections of the sidewalk) that he did not complete. If Plaintiff did miss replacing sections of the sidewalk, this was not done intentionally but by mistake.

28. Plaintiff believes and will prove that the real reason that he was terminated was because of his disability. This is supported by the fact that Defendant first tried to get Plaintiff to resign and when he refused to resign they retaliated against him by terminated him for something that allegedly happened over a year before and without giving him the chance to present his side of the story.

29. Further Doty was the only one terminated even though other Precision employees also worked on the job site Plaintiff did and there was no way of indicating what number of locations each employee cut.

30. Finally, Defendant failed to accommodate Plaintiff's disability by first reducing his hours down to six hours a week and then terminating his employment. As set forth above, Plaintiff was returned to full duty with no restriction on September 10, 2015.

31. As a direct, foreseeable, and legal result of the Defendant's disability discrimination, retaliation and failure to accommodate Plaintiff's disability, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

32. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination, retaliation and failure to accommodate Plaintiff's disability, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary

losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

33.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

34.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

35.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

**(For Tortious Discharge in Violation of State Public Policy)**

36.     Plaintiff Doty incorporates the allegations set forth in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37.     This cause of action is brought pursuant to the public policy of the State of Nevada making it against said policy to discharge an Employee in retaliation for filing a claim for Worker's Compensation. See *Hansen v. Harrah's*, 675 P.2d 394 (1984); *Torre v. J.C. Penny Co.*, 916 F.Supp. 1029 (D. Nev. 1996).

38.     On March 16, 2015 while working at his job leveling sidewalks for Precision, Doty stepped off the curb while making lines and heard his knee pop.  Plaintiff immediately reported the injury to his supervisor Nelson the same day.

39.     On March 19, 2015 Doty filed a Worker's Compensation claim relating the injury.

40.     Finally after Plaintiff refused to resign on May 26, 2015, his hours were cut on June 3, 2015, and then he was terminated on June 29, 2015 for allegedly falsifying of a time card for

projects that were completed over a year prior.

41.     Plaintiff believes, alleges, and will prove at trial that Defendant's decision to discharge him for falsifying of a time card for projects that were completed over a year prior was a pretext for the real reason Plaintiff was terminated, ie., because Plaintiff filed a worker's compensation claim against Defendant.

42.     As a direct, foreseeable, and legal result of the Defendant's discharge of Plaintiff for filing a worker's compensation claim, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

43.     As a further direct, foreseeable, and legal result of the Defendant's discharge of Plaintiff for filing a worker's compensation claim, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

44.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

45.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

46.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Doty demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA and State Public Policy;

2. Enjoining and permanently restraining the violations by Defendant of the ADA and State Public Policy;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 4/25/2016            LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161-a (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jacob A. Doty<br>3140 Sentimental Ct<br>N Las Vegas, NV 89031 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2015-01339 | Cynthia Wilson,<br>Investigator | (702) 388-5099 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Richard T. Burgamy,
Local Office Director

JAN 2 6 2016
(Date Mailed)

Enclosures(s)

cc: Mike Lamb
VP OF OPERATIONS
PRECISION CONCRETE CUTTING
3191 N. Canyon Road
Provo, UT 84804

Law offices of Michael P. Balaban
10728 Del Rudini Street
Las Vegas, Nevada 89141-4218